Good morning. My name is Stephen Manning, and along with Jessica Buell, Jennifer Rotman, I represent the petitioner, Mr. Ramon Lodezma-Galicia, in this consolidated appeal. I wish to reserve three minutes of my time for rebuttal. In September 1988, Mr. Lodezma was convicted in the Oregon courts of a felony sex offense. He was sentenced to eight months incarceration. At the time of his conviction, he was not amenable to deportation. Fifteen years later, however, Mr. Lodezma was charged with a violation of this nation's immigration laws. Based on Congress's retroactive redefinition of his crime to be an aggravated felony, the immigration judge and the Board of Immigration Appeals determined that Mr. Lodezma was deportable as an aggravated felon and ordered him deported. Counsel, may I just ask you, is it not the case that this case is controlled by the en banc decision in House CBM? It is not, Your Honor. Why isn't it? For three principal reasons. First, Hosepian dealt with – in this court, Hosepian held, like every other court to have addressed the issue, especially in 602 of the Immigration Act of 1990. This court held, like all other courts, that it was clear that it was a manifestation of Congress's clear intent to have the firearms deportation ground apply retroactively. And we could have been wrong, but that's what we said. However, this – Mr. Lodezma was not being charged, was not found deportable or removable under the firearms deportation ground, which is a separate statutory provision. The two provisions, the aggravated felony removal ground and the firearms removal ground, are very distinct. But they were both done by 602C, both by the 1988 statute originally and by 602C afterwards, were they not? Exactly. However, what happened in 1990 as part of 602 – section 602 of the Immigration Act of 1990 had several parts, Part A, B, C, and D. What Part A did of 602 is it severed the firearms deportation ground from the 1988 Act. In essence, it repealed by implication the entire firearms deportation ground. And as the Fifth Circuit has stated in Child v. INS, the 1990 Act, quote, completely supersedes all former versions of the legislation dealing with deportation for firearms offenses. As a result, reading 602C, there is no other way to read section 602C other than it applies to the firearms deportation ground. Could you walk through that more slowly? Yes. You're talking about 602 of the Immigration Act of 1990. Exactly. And you're saying that 602A repealed the former firearms provision and enacted a new one, is that what you're saying? Exactly, Your Honor. And where you plan to read it? The difference – the firearms deportation ground prior to its – prior to 1990 was very limited in its scope. In 1990, Congress replaced almost the entire provision with a brand-new provision that covers the entire subject matter and was intended to substitute for it. For example, the original provision prior to the change in 602 read that at any time after entry, an alien shall have been convicted of possessing – I'm trying to understand how that – I'm going to assume that you're correct about that. How does that feed into 602C in a different way than the change in the aggravated felony provision in 1995? Because the aggravated felony provision was not amended. It's from 1988 until today. All right. But show me where in 602C there's a difference for this reason. The difference actually is not in 602C. The difference is in Section 602A. Okay. Any alien who at the time of entry or adjustment of status was within one or more of the class of aliens excluded by the law existing at such time as deportable? Exactly. And then it replaced all of the prior grounds. Excuse me. It re-designated and replaced some of the deportation grounds. And in this context, what happened is that 602A replaced, repealed by implication, the firearms deportation ground that existed previously. And when it did – It's exactly the opposite. They were within one or more classes of aliens excluded at the time and still deportable. So it's not repealing it. It's leaving it. Are you reading 602C, Your Honor? No, I'm reading 602A because that's what you told me to read. No. 602A, what 602A did is prior to its enactment, there existed a firearms deportation ground. That firearms deportation ground was originally embedded in the 1988 Act. With 602A, Congress got rid of that firearms ground and replaced it with a different ground. That ground is found in Section 602A of the 1990 Act. When they replaced it, when they repealed it, when they took it away, they took it out of – it was no longer connected to that temporal restriction that existed in the 1988 Act. The aggravated felony deportation ground is very different. It remains completely substantively unchanged from beginning – from 1988 until today. Every court to have considered Section 602C in the context of the aggravated felony scheme, including the Board of Immigration Appeals, has stated that 602C is ambiguous. In the words of the Board of Immigration Appeals, it's a difficult phrase – it's a difficult provision to decipher even after extensive examination. Because 602C in the context of the aggravated felony scheme is ambiguous, it cannot have repealed by implication, and nor can it suffice as a clear statement of Congressional intent to apply the aggravated felony deportation ground retroactively. Help me work through 602C and tell me why that second sentence is ambiguous. I understand it's awkward. The second sentence, Your Honor, beginning with except as otherwise specifically provided? Yes. Well, it's ambiguous because there are multiple different meanings that can be attached to it. First, except as otherwise specifically provided in such section and subsection D. The provisions of such section, as a matter of – Such section is going to refer to 241A, which is – which is 8 U.S.C. 1227. Yes, Your Honor. Okay. Prior to its enactment, prior to the changes of 1990. If it is read that way, except as otherwise specifically provided in such section as in existence prior to 1990's changes, the provisions of that section, as amended by the Act of today, shall apply to all aliens described. Except as otherwise specifically provided, that's a savings provision. That saves those individuals who prior to enactment were not removable. Well, you sort of jumped ahead by this question. You gave the answers to what it means under – you didn't give an explanation of why it's ambiguous. The ambiguity, I assume, that you're referring to is whether such section means section 241A before or after the amendment. Exactly. That's the ambiguity. That is the ambiguity. Now, you then go on from there to say if it means before, then the alien would win. Exactly. If it means after, he would lose. Exactly. The old version said that the deportation provision did not apply to convictions before 88. That's correct. Okay. All right. So you want to say such section in that first reference is 1227 prior to amendment. So how do you square that then with the phrase following that that says the provisions of such section as amended by this section? Because Congress would not have used the same word such section and then such section as amended by this section. So there are two different things. So that such section actually refers to the first clause, where it states section 241 of the immigration nationality act. Right. But it's just carving certain things out of 241A as amended. There are certain things that are specifically provided for in 241A, and those things have been provided for in 602D, which is what the reference to subsection D is, because that provides some exceptions as well, those aliens whose removal has already been noticed as of March 1, 1991. That's a carve out. Then the provisions of such section, meaning 241A, as amended by this act, shall apply to everyone when the alien as described in such section occurred before the date of the enactment of this act, which is 1990. I agree. That's one possible reading. However, that's not. What's your reading? I'm not sure. I can certainly provide my reading, but I'm not certain that my reading is actually the most relevant, given the fact that every circuit court and every district court to consider this section has construed it to be ambiguous. But I assume your reading is that the provisions of the section as amended by this section apply, except as specifically provided in subsection. That means in contrast to subsection as amended, which is subsection as amended will apply unless it's been otherwise specifically provided in subsection without the as amended. In other words, such section and the exception, such section at the beginning of the substantive thing, both make most sense to be the prior statute, because else why is it saying as amended by the section? Exactly. So that such section, when it first appears and the exception is otherwise specifically provided, refers to and means the act prior to 1990s changes. Okay. Is your client accepted under such section prior to amendment? Yes. Okay. Why? He is accepted. Is he specifically? Yes. Section 7344B of the Anti-Drug Abuse Act of 1988, which created the Aggravated Felony Deportation Scheme, erected a statutory barrier behind which the Aggravated Felony Removal Ground, the disability provision, could not touch pre-enactment conduct. That provision remains intact today. Okay. What does that provision say that specifically? That the Aggravated Felony Deportation Ground shall not apply to convictions on or after, shall only apply to convictions which take place on or after the date of enactment, which would be November 88. Doesn't that render the rest of it then irrelevant? Isn't that reading inconsistent with the rest of the sentence? Of section 602C? 602C. Not at all. Immigration law is, I mean, it would be difficult to rationalize all the various carve-outs and exceptions within immigration law. So it makes perfectly good sense that Congress would consider the retroactive application of very harsh deportation law and carve-out exceptions. Wouldn't the result of this be that anybody who was convicted after November 1988, before the statute, would be covered? Exactly. So from November 1988 forward, section 602... Only before this statute, the 1990 statute. In other words, for the period between 1988 and 1990, even though the statute hadn't been enacted, these people would be covered. I believe... People would be covered with the people who were convicted before November 19th, 1988. But anybody convicted after November 19th, 1988, before the 1990 statute, would be covered. Possibly. That is a very fair reading, but I'm not sure it would be necessary to reach that reading. Well, in answer to this question, what would this accomplish if everybody were excluded? Not everyone... Or would you have the rest of the sentence? Not everyone... If you don't give Judge Berzahn's answer, what answer would you give? Well, not everyone would be excluded. Who wouldn't be? Who would not be excluded? First of all, anyone who is convicted of an aggravated felony after enactment of the 1990 Immigration Act, after 602 was enacted. But there clearly is a retroactivity provision in here. The question is, what does it apply to? It does apply to the firearms deportation ground. That's clear. But whether or not it applies to the aggravated felony removal ground is unclear. For example, there's two... I understand your question, and my hesitation in giving you a direct answer, and I will give you a direct answer and I apologize, is the fact that the issue presented here, it's not necessary to reach that conclusion, what effect that has had on other individuals who were convicted after November 1988 and prior to 1990's enactment. So that two-year period for individuals who were convicted, it's not clear if that issue needs to be reached. The only issue that really needs to be reached is whether 7344B of the 1988 Act is repealed. I think that was more to the firearms, because I really didn't follow it, and I don't know what my comments are. You do have to distinguish... I've seen you on that basis, that that's a firearms case, and that's covered by a different statute, and it therefore doesn't control the ordinary aggravated felony? Exactly. Okay, because I don't understand it either. Did we get briefs on this? No, Your Honor. The Hovsepian case came out while we were preparing our brief, and we were not aware of it, and our brief was submitted... I mean, this is the first time we're hearing this argument. Yes. Okay, well, do it slowly, as if we weren't too brave. Okay. Which is not the case. But the specifics of Section 7. Okay, thank you. Hovsepian dealt with, in particular, two different statutory provisions, Section 602C of the Immigration Act of 1990, and Section 237, as it's codified today, Section 237A2C of the Immigration Nationality Act. Which is the firearms removal ground. In reaching its conclusion that Section 602C was clear, it was a clear congressional statement of retroactivity, the Hovsepian court relied on Yacobian, which relied on Ann Chau of the Fifth Circuit. Both of those cases determined, in accord with all the other circuits which have reached the same issue, that 602C, because the firearms deportation ground was replaced in Emact 90, that it was no longer... that you're not talking about the 1988 firearms deportation ground, that it's a different deportation ground, that that temporal restriction in 1988 is gone. It doesn't matter. As a result, that enactment in 602A repealed the prior ground, and there's no other reasonable way to reach 602C other than it applies to the firearms deportation ground. However... Does it apply to anything else besides firearms? Section 602? Yes. That last line, that last phrase in 602C, who else is covered by the retroactivity provision? Clearly Congress thought that it was making certain crimes retroactive. You're telling us the firearms is included in that class? Yes. What else would be included? The smuggling provisions, which eliminated the foregain requirement. There would be other provisions that, off the top of my head, I can answer certainly when I come back up to the podium. There's a terrorist provision. The terrorist provisions. These are all in 602A. Yes. The marriage fraud, is that included? It possibly could. I have not looked at that issue. The point is that 602C is not necessarily talking about crimes. What 602C is talking about is the disability provisions. Is Congress going to apply these disability provisions retroactively, independent of whatever the definitions may be of these crimes, or of what those grounds may be? I'm significantly over time. I'll answer any remaining questions if I could. I have a few moments for rebuttal as well. I have a question. You started out by saying there are three reasons. There are. I was still on the first. That was the first reason. Well, maybe you could tell us quickly the other two. There are two other reasons. The second one is that the firearms deportation ground and aggravated felony deportation ground are very, very different in their uses and as has Congress intended their use. The aggravated felony deportation ground is part of a very, very complex statutory scheme, which is commonly referred to as the aggravated felony deportation scheme. The firearms deportation ground is its own self-contained provision. The aggravated felony deportation ground, there's different temporal reaches through different parts of the disability provisions, through the good moral character provisions, through the restrictions on who must be detained, all based on aggravated felony, whether someone's defined to have committed a crime based on whether or not they're an aggravated felon. That's more important with regard to RERA and the attempt in RERA to make the aggravated felony definition retroactive. It really doesn't kick in in this 1990 statute. It seems to be the critical one. But it does, however. Because Congress has treated them so differently, as of 1990, as of the earlier way that you were saying. Exactly. As of 1990. It's perfectly in keeping with that legislative setup that the aggravated felony removal ground would have a temporal reach that's different than the firearms removal ground. That there's nothing consistent in any kind of policy scheme. The third reason is the fact that every other court to hold that 602C in the aggravated felony context is ambiguous. Is our case in Hostipian then inconsistent with those other? Is there already a conflict then between the circuits? No. Hostipian is actually consistent with all the other courts. Courts have treated the grounds differently. Are there courts that have said that 602C is retroactive as far as the firearm statutes, but not retroactive as far as the aggravated felony? No. If I understand your question correctly, what courts have stated is they've addressed them differently. That in regards to the firearms ground. That's what I'm trying to say. Has any circuit dealt with both of those questions? At the same time? No. In separate cases? It doesn't matter. Is there any circuit that has considered both issues? Retroactivity with respect to aggravated felony and retroactivity with respect to the firearms? Yes. All right. What circular circuits are those and what results did they reach with respect to each? The most important case would be Bell v. INS from the Second Circuit. In Bell, the Second Circuit held that 602C with respect to the aggravated felony scheme was ambiguous, and therefore they discounted and refused to rely on any prior board precedent, including matter of lethman. They also disagreed with all the other circuits which had applied a pre-land graph analysis, finding that 602C could be applied retroactively if it was ambiguous. You're suggesting that there's already a conflict between Bell and the other circuits on this point? Possibly. What happened is St. Cyr intervened, although Bell came to land graph intervene. As a result, the various circuit courts that were applying this analysis did not have the land graph to work with. It had not been authoritatively applied in the immigration context. So Bell, however, held against our position today. Although they found 602C... Ultimately. Ultimately. Although they found 602C ambiguous, they found 602D was quite clear in its application. And that's rendered debatable under St. Cyr. Exactly. Because St. Cyr has now intervened. And since St. Cyr, there has been, in this circuit, obviously a reevaluation of all prior cases that may have not applied those clear statement rules. But what I'm trying to get to still is are there circuits that have viewed 602C differently with respect to the firearms provision and the aggravated felony provision? A qualified yes, if I understand your question. For example, the Fifth Circuit in Chao, the INS, they stated that the firearms deportation ground, the new one in 1990, supersedes the prior one. And as a result, the board was perfectly within reason to find that it reached pre-enactment conduct. I believe in Chao they may have addressed the fact that 7344B, the 1988 Act, remains intact. And in fact, there's definitely board discussion from the Board of Immigration Appeals, which discusses the fact that 7344B remains intact after 1990. This is what I want to understand. Let's assume, and I am not sufficiently familiar with the firearms change to value. Let's assume that you're correct, that the new statute essentially replaced the old firearms provision so that the old firearms provision isn't there anymore. We still have the people who were convicted from 1988 to 1990 and how they would be treated under the new statute, right? Yes. And they would be, under our reading of the statute, it would be retroactive for those two years. But the wall of 7344B remains. So pre-enactment, pre-November 1988. Was the firearms statute in the prior section, 241A, paragraph 15, 16, 17, or 18? No. It was paragraph 14. So there is no savings clause making them remaining deportable because people in 15, 16, 17, 18 shall remain deportable, but not people in 14. Correct. But 14 ceased to exist on the enactment of the Immigration Act of 1990. It became a new firearms ground. The 1988 Act didn't have any effect anymore. If there are no further questions, I would ask that I would be permitted to have one minute for rebuttal. Yes, here you are. Thank you. May it please the Court, Your Honors, Leslie McKay for the respondent, Alberto Gonzalez. Your Honors, obviously the issue in this case rises and falls on whether the alien is removable as an aggravated felon for his 1988 conviction for sodomy on a 10-year-old girl. Under this Court's analysis and conclusion in Hovstapian, it does. There's no question that Hovstapian is controlling. This Court clearly said that 602 of the Immigration Act of 1990 is retroactive, that Section 237 of the Immigration Act of 1990 is retroactive. What we didn't deal with is the accept clause.  That's true, Your Honor. You didn't discuss it, but I don't think that it matters because that language is clear. That language clearly is evidence of Congress's intent to sweep back and pull crimes in. Which language? Except as otherwise specifically provided, this section shall apply. What is it accepting in your view? That except the other sections, Paragraph 15, 16, 17, or 18, or except 602D, the amendments that are being made shall apply. It doesn't say Paragraph 15, 16, 17, 18. It says of Sections 241A, and then it says except as otherwise provided in such sections. And then it says provisions of such section as amended by this section, which easily and perhaps more sensibly refers to all Section 241A, not just those subsections. But, Your Honor, I think it's still clear that Congress intended that amendment to apply and to sweep in the aggravated felony definition. I think you can't read the first part of that sentence without reading the last part of the sentence. And when you read it all together, it's clear that Congress … Well, we're clearly going to get to the end of the sentence, but I'm still trying to figure out what the first part of the sentence means before I know what the second part of the sentence means. Well, Your Honor, I sympathize with you. Because it's a little unclear. Not because it's unclear. Perhaps because my ability to understand these precise words is limited. So is everybody else's. We're all in good company then, Your Honor. The other thing that I think is important to realize about the Immigration Act of 1990 is that it's not … this case doesn't rise and fall on 602C. I think you have to look forward also to ERIRA in this case and to what ERIRA says about … But if we do that, then we're not facing an obstacle. Right now we're trying to figure out this obstacle in control. I understand. I mean, I'd like you to get to the second part in a bit, but right now we're trying to figure out, I mean, do we not have to get there at all because Hovsepian says it was already non-retroactive by this time, by 1990. Right. Or retroactive by 1990. And, Your Honor, it's the government's position that Hovsepian is controlling, even though I will concede that Hovsepian doesn't address the precise question that's presented in this case. There is obviously a difference between being deportable for a firearms offense and being deportable as a … To the degree, and it may be the best that we can do about this, is have some supplemental briefs, but to the degree you understood what you presumably heard today for the first time in terms of the distinction that was made from your side? The distinction between firearms and aggravated felony? It would be the government's position that there's no meaningful distinction between a firearms offense and an aggravated felony offense. The aggravated felony obviously began in 1988 with the Anti-Drug Abuse Act. The Immigration Act of 1990 didn't substantively alter or amend aggravated felony other than to expand it and to make more crimes come within the definition. What was done in a separate section defining aggravated felony? Is that what happened? It was done, Your Honor, I believe it was in 602A of the Immigration Act. Well, 602A of the Immigration Act, I think, just says any alien who is convicted of an aggravated felony at any time after entry is deportable, which is presumably what it said before. If there was a change, it must have been made somewhere else. Your Honor, I apologize. I don't have the complete version of the Immigration Act before me. It was my understanding that it was in 602A, but it may indeed have been in a different. But somewhere it expanded the definition of aggravated felony. That is correct. And obviously not to the same extent that ERIRA did. It was a smaller expansion. I'm sorry. I think the new aggravated felony definition came in Section 501A of the Immigration Act. But the ground of deportability for the aggravated felony remained. 602A does have a provision on certain firearm offenses. Was there a firearm offense provision in the earlier statute yet? There was a firearm offense provision. It was significantly different than this one. And it wasn't 15, 16, 17, or 18. So essentially this one is replacing that one? That's my understanding. You started to say before that obviously there's a difference between retroactivity with respect to a firearm conviction or with an aggravated felony. And then subsequently you said, well, it's not meaningful. Forgive me, Aaron. I think what I meant to say, and perhaps what I did say, was that deportability for a firearms offense and deportability for an aggravated felony are two different grounds. There is a difference. But in the context of this case, considering the retroactivity question, the difference isn't meaningful because the analysis still turns on 602C and Section 237, formerly Section 241 of the Immigration and Nationality Act. And that's where the analysis really comes in, so that the difference in terms of the ground of deportability, that's not the key issue. The key issue is whether ERIRA and the Immigration Act reached back and made their provisions retroactive to the aggravated felons as well as to the firearms offenses. And in that sense, I would be more than happy. I know that neither of the briefs addressed Hovsepian. I was not the briefing attorney on this case, but I would be more than happy if the Court would like supplemental briefing on that issue. We would be more than happy to provide that to you and any particular questions we could address in writing. But I think that for the purposes of this case, it is important to look forward into the ERIRA and look at Section 321, which clearly makes that aggravated felony definition retroactive. He concedes that the definition is retroactive. The Petitioner argues that the definition should somehow be divorced from the penalty, and that's simply illogical. He raises in his brief, I know, and briefly spoke about it, that there are different penalty provisions throughout the Act, for instance, for cancellation of removal or for eligibility for NACARA benefits that would disqualify you as an aggravated felon. However, the missing piece to that puzzle is that you never get to a question of eligibility for cancellation or for NACARA unless you're removable. 1996 was that because of the 1990 statute and the 1988 statute, was that the excludability ground only applies to people who are convicted after November 19, 1988. What in the ERIRA changes that? It takes the definition, the new changes in the definition, and moves them back as far as the statute goes, but if the statute only goes back to November 19, 1988, then how do the amended definitions go back further? Well, Your Honor, and that's where it's important to look at the terms that ERIRA uses, and in fact the terms in the Immigration Act down towards the bottom of 602C, that this will apply notwithstanding the facts by reason of which an alien is described and said subsection occurred before the date of enactment of this act. If you look at ERIRA in the effected... But it still can only apply to something that was functional and operative, and if the aggravated felony deportation ground was not operative before November 19, 1988, then there's nothing to apply the definition to. I understand that, but that's really where ERIRA comes in. ERIRA comes in and makes it clear that in Section 321B, notwithstanding any other provision of law, including any effective date, the term aggravated felony applies regardless of whether the conviction was entered before, on, or after the date of enactment of this paragraph. Now, if you move to 321C, the amendments made by this section shall apply to actions taken on or after the date of enactment of this act, regardless of when the conviction occurred, and it's that language that effectively sweeps all the way back, sweeps past the Anti-Drug Abuse Act in 1988, and pulls in these aggravated felonies, which at the time would not have been considered aggravated felonies because that definition did not exist. That means then the government's position is that Hovsepian is irrelevant. The government's position is that Hovsepian, the analysis, is useful and relevant, but that it's not necessarily controlling. I don't think you need to reach the same issues that Hovsepian touched on. You can resolve this case. The government's position is that you can resolve this case on the basis of Arrival Section 321 in and of itself. To the extent that you want to follow your analysis and the path that you were taking in Hovsepian, that certainly is appropriate and is consistent with other circuits that have addressed analogous or similar, although not precisely identical, issues. And, Your Honors, I see that my time is up. Are there additional questions? Thank you. Do you want to take a minute to address the arrival point? Yes, thank you. 321C, or Section 321 of the 1996 Act, is strictly focused on the definition of the aggravated felony deportation ground. There's three parts of 321, A, B, and C. None of those three provisions purports in any way to repeal, again, Section 7344B of the 1988 Act. The most instructive case in this matter is actually a Fourth Circuit case, Patton v. the United States. In that case, the Fourth Circuit dealt with very similar issues. The Fourth Circuit addressed whether two subsequent amendments to a definitional section of a statute were to dislodge an uncodified temporal limitation on an operative section of that statute. Those are essentially the same issues that the government has raised regarding Section 321. The Fourth Circuit rejected the government's proposition that the uncodified temporal limitation had been repealed expressly or impliedly or had in any way been, quote, eroded by subsequent legislation. The Fourth Circuit also rejected the argument that functionally a change in the definition rendered a change in the operational provisions. And those are the arguments the government is making in this case. So that 321C, 321B, 321A of the 1996 Act is focused on the definition. The definition can be retroactive. That does not make the disability ground of the deportation retroactive because, again, 7344B is a statutory wall. There are three possible suspects, statutory suspects, which could have repealed by implication that statutory wall. 602C of the 1990 Act, 602D of the 1990 Act, or Section 321 of the 1996 Act. None of those statutes mentions expressly 7344B of the 1988 Act. None of those three sections are clear enough under this Court's rule in Luján Armendariz for repeals by implication or under St. Cyr's clear statement rules for finding retroactive reach of ambiguous legislation. As a result, 7344B remains intact. Mr. Ledesma is not deported. Thank you. Thank you, sir. The case just argued will be submitted. The Court will take a brief recess. All rise. Please watch the standard recess.
judges: Reinhardt, Berzon, Bybee